## Brown v. Lyons.

(Decided Dec. 18, 1934.)

E. BERTRAM for appellant.

J. M. KENNEDY for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In 1870, John Tuggle was the owner of a tract of land situated on Beaver creek in Wayne county, Ky., containing about 400 acres. He sold the land to his son, Washington Tuggle, and his son-in-law, Franklin Hammon, who proceeded to divide the land between themselves by establishing a conditional or division line which they designated by certain objects, courses, and distances, etc. Pursuant to that division, John Tuggle executed separate deeds to them according to the division and lines agreed on.

By mesne conveyances, the appellant, J. A. Brown, became the owner of the tract conveyed to Washington Tuggle and appellee, Will Lyons, became the owner of the tract conveyed to Franklin Hammon.

In 1933, a dispute arose between appellant and appellee respecting one call or line in the deed, beginning on "Privitt Rock" and running a southerly direction and intersecting with the exterior boundary line of the Tuggle land, designated in the deed as the "upper line." The location of this upper line is not in dispute between the parties. It is the southwestern boundary line of the John Tuggle land, the eastern end of which line is designated by three pines on the top of the ridge and, running a northwesterly direction to a cliff, a distance of 160 poles. According to the division of the land agreed on by Washington Tuggle and Franklin Hammon, and, as deeded to them by John Tuggle, each tract was bound on the south or southwest by the upper line. The Washington Tuggle deed under which appellant claims runs from the Privitt Rock a southwesterly direction to a cliff, the western end of the upper line; thence S. 60 E. 50 poles (on the upper line) to a stone, a conditional corner between the Hammon and Tuggle line and with Hammon's line N. 5 W. 100 poles back to the Privitt Rock; but the corrected survey, as shown by the map, shows that the line is on a degree of N. 10 W. and 143 poles, instead of N. 5 W. 100 poles, as called for in the deed.

The deed under which appellee claims calls for the Privitt Rock and thence to the upper line. If the call or line in appellants' deed (N. 10 W. 143 poles from upper line to Privitt Rock) is the correct one, the call in appellee's deed should be in harmony with it; but it reads: "S. 5 E. 100 poles [correct survey shows 164 poles] to a stake on the upper line," and intersects the upper line 45 poles S. E. of the corner stone called for in appellant's deed, or 95 poles S. E. of the cliff instead of 50 poles. After reaching the upper line, the next call in appellee's deed reads: "S. 60 E. 110 poles to three pines on the top of the ridge." But from the point of its intersection with the upper line, it is only 65 poles to the top of the ridge; but it is 110 poles from the corner stone 50 poles S. 60 E. of the cliff (west end of the upper line) to the top of the ridge, which is in harmony with the entire length of the upper line (160 poles) from the cliff to the top of the ridge. The cliff and top of the

ridge are both fixed objects and there can be no mistake as to their location and it is conceded that the distance between them is 160 poles. Hence, the mistake more probably lies in the calls between the upper line and the Privitt Rock. If the call in appellee's deed (S. 5 E. to the upper line) is the correct one, then appellee's land abuts the upper line only 65 poles instead of 110 poles, and appellant's land abuts the upper line 95 poles instead of 50 poles, which would contradict the calls in both deeds with reference to the upper line.

The jury heard the evidence and viewed the map and the points in dispute, and returned a verdict in favor of the appellee, defendant below.

Appellant, plaintiff below, offered the following instructions, which were refused by the court:

No. A: "The court instructs the jury that courses and distances called for in the deeds must give way to natural objects called for in the deeds when there is a conflict between the courses and distances and the natural objects found on the land."

No. B: "The court instructs the jury that in order to locate the stake corner on the back or upper line as called for in the deeds it was necessary to run the line as called for from the Privitt Rock S. 5 E. to the back or upper line and then run the line from the Coyle Cliff S. 60 E. till the two lines crossed and that the point of crossing is the correct location of said stake corner and if the jury shall believe that said lines were so run by the witness C. C. Coffey then they will find for the defendant."

Appellee, defendant below, offered an instruction which was also refused by the court but which was practically in substance the same as the instruction given by the court upon its own motion, as follows:

"If you believe from the evidence that the Hammons and Tuggle division line is as claimed by the defendant and at the location claimed by the defendant, then you will find for the defendant, and if you believe that said division line is located at the place claimed by the plaintiff to be, you will find for the plaintiff."

Appellant insists that the instruction offered by him was proper and the court erred in refusing it. Were this a question of a lost or missing corner, the instruc-

tion offered by the appellant, plaintiff below, would have been applicable and proper. But in our view, this is not a question of a lost or missing corner. The question is, Which one of the two corners in dispute is the correct one? There is no dispute about the location of either corner claimed by the respective parties. The one claimed by appellee is designated by a stone on the upper line 50 poles S. E. of the cliff and the one claimed by appellant is designated by the line running S. 5 E. from the Privitt Rock to its intersection with the upper line. The point of intersection of these lines is not disputed. The distance between the corner stone 50 poles S. E. from the cliff and the point of intersection of the line S. 5 E. from Privitt Rock to the upper line is 45 poles. The disputed lines each run from the upper line a northerly direction meeting at the same point, Privitt Rock, thus forming a triangular tract of land 45 poles on the upper line and 164 poles on the east and 143 poles on the west, which embraces the land in dispute.

The instruction given by the court is somewhat vague and indefinite, but inasmuch as the jury heard the evidence and viewed the map and points in dispute, no doubt they understood the corners' claimed by each party. We think the instruction given fairly submitted to the jury the issue involved and, therefore, not prejudicial.

The judgment is affirmed.